UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

Plaintiff(s)

DAVID SCUREMAN AND CAROL
SCUREMAN, his wife

vs

Defendant(s)

UNITED STATES OF AMERICA

---

CIVIL ACTION NO.

COMPLAINT AND DEMAND
FOR TRIAL BY JURY

Plaintiffs, David Scureman and Carol Scureman, his wife, residing at 407 Brown Street, City of Brielle, Monmouth County, New Jersey, by was or complaint against the Defendants, depose and say:

## JURISDICTION

1. Plaintiffs are citizens of the State of New Jersey residing at 407 Brown Street, Brielle, New Jersey.

2. Defendant United States of America is a public entity.

3. By passage of the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. 2671-2680, Defendant United States of America has consented to being sued in actions sounding in tort.  §1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant United States of America, its agencies, agents, servants and/or employees.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §1346(b) and upon 28 U.S.C. §1331 in that it arises out of the laws

of the United States of America.

5. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Plaintiffs presented their claims to the appropriate Federal agency, the United States Postal Service, in accordance with 28 U.S.C. §2671 et seq. or otherwise. The United States Postal Service denied Plaintiffs' claim on October 5, 2012. Accordingly, Plaintiffs have exhausted their administrative remedies pursuant to 28 U.S.C. §2675 and are required to file suit no later than six (6) months following the date of the denial.

## FIRST COUNT

7. At all times material to the within cause of action, Defendant United States of America was the owner and/or operator, through its agency, the United States Postal Service, and was in possession and control of certain United States Post Office premises commonly known as the Kearny, New Jersey Post Office located at 64 Midland Avenue, Kearny, NJ, which premises were open to the public.

8. As owner and operator of said premises, Defendant United States of America was responsible to maintain the premises in a reasonable and careful manner, to inspect said premises, and to keep said premises free from defects, conditions, substances, suck as ice snow or other deleterious matters and/or impediments that might cause injury to persons lawfully on the premises.

9. Ono or about January 29, 2009, Plaintiff David Scureman was lawfully present on the Kearny New Jersey Post Office premises

owned and operated by Defendant United States of America, as a business invitee.

10. In violation of its duty to keep said premises in a safe and defect free condition, Defendant United States of America negligently and carelessly permitted its Kearny, New Jersey Post Office premises to become and remain in an unsafe condition so as to create a nuisance and hidden trap thereon, it failed to properly maintain said premises in a proper manner, and it rendered said premises unsafe for persons lawfully thereon, including Plaintiff David Scureman, who was caused to slip and fall on the exterior sidewalk of said premises as a result of dangerous conditions, including ice.

11. As a direct and proximate result of the negligence of Defendant United States of America, through its agency, the United States Postal Service, as aforesaid, Plaintiff David Scureman sustained serious and permanent personal injuries, he has and will in the future experience great pain and suffering, he has and will in the future be permanently scarred, he has and will in the future be unable to attend to his usual affairs and routine, he has and will in the future incur medical expenses, and he has otherwise been damaged.

WHEREFORE, Plaintiff David Scureman demands judgment against Defendant United States of America for compensatory damages, together with interest and costs of suit.

## SECOND COUNT

12. Plaintiff Carol Scureman repeats each and every paragraph of the First Count and incorporates the same as if set forth at length herein.

13. At all times relevant herein, Plaintiff Carol Scureman was the lawful spouse of Plaintiff Carol Scureman.

14. As a direct and proximate result of the negligence of the Defendant United States of America, as aforesaid, Plaintiff Carol Scureman was caused to be deprived of the services, society, companionship and consortium of Plaintiff David Scureman and was otherwise damaged.

WHEREFORE, Plaintiff Carol Scureman demands judgment against Defendant United States of America in the amount of his damages, together with interest and costs of suit.

          JAVERBAUM WURGAFT HICKS KAHN
          WIKSTROM & SININS
          Attorneys for Plaintiff(s)

by: _____
       David L. Wikstrom

### DEMAND FOR TRIAL BY JURY

Plaintiff(s) hereby demand a Trial by jury as to all issues.

          JAVERBAUM WURGAFT HICKS KAHN
          WIKSTROM & SININS
          Attorneys for Plaintiff(s)

by: _____
       David L. Wikstrom

**<u>NOTICE OF TRIAL COUNSEL</u>**

Please take notice that David L. Wikstrom, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, pursuant to Rule 4:25 et. seq.

                                            JAVERBAUM WURGAFT HICKS KAHN
                                               WIKSTROM & SININS
                                             Attorneys for Plaintiff(s)

                                   by: _____
                                          David L. Wikstrom

DATED: February 25, 2013

**CERTIFICATION**

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING..................................YES_____ NO__X_

    A. If YES - Parties to other Pending Actions.

    B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED?............................YES_____ NO__X_

    A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?.......................YES_____ NO__X_

    A. If YES - Parties to Arbitration Proceedings.

    B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?............YES_____ NO__X_

    A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiff(s)

by: _____
    David L. Wikstrom

DATED: February 25, 2013